United States District Court
Southern District of Texas
**ENTERED**
June 04, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELAINE KHALIL, and<br>MOHAMED KHALIL,<br><br>Plaintiffs,<br><br>v.<br><br>MAYFLOWER TRANSIT, LLC, and<br>SUDDATH RELOCATION SYSTEMS<br>OF HOUSTON, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-19-1368 |

**MEMORANDUM AND ORDER**

Elaine and Mohamed Khalil sued Mayflower Transit, LLC and Suddath Relocation Systems of Houston, Inc., alleging that these moving companies damaged furniture and other household goods when transporting them across the country. (Docket Entry No. 1-3). The Khalils seek damages and their attorney's fees for breach of contract, deceptive trade practices, fraud, negligence, gross negligence, and violations of the Carmack Amendment. Mayflower and Suddath have separately moved to dismiss, the Khalils responded, and the defendants replied. (Docket Entry Nos. 4, 5, 8–11).

The Khalils allege that they contracted with Mayflower in 2017 to move their furniture and household goods from New Jersey to Texas. (Docket Entry No. 1-3 at ¶ 7). According to the Khalils, the defendants represented that they would store the furniture and goods in a climate-controlled storage unit, but instead used a nonclimate-controlled storage unit owned by Suddath. (*Id.* at ¶¶ 8–9). The Khalils allege that their goods were damaged during Hurricane Harvey because they were not stored as the defendants had represented when negotiating the contract. (*Id.* at ¶¶ 12–13). The Khalils allege that Mayflower and Suddath committed fraud in the inducement,

were negligent and grossly negligent, and breached their contract by not storing the property in a climate-controlled storage unit. (*Id.* at ¶¶ 14–20, 25–28). They also allege that the defendants violated §§ 17.46 and 17.50 of the Texas Deceptive Trade Practices Act. (*Id.* at ¶¶ 21–24). In the alternative, the Khalils seek relief under the Carmack Amendment. (*Id.* at ¶¶ 30–31).

The Carmack Amendment provides "the *exclusive* cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis added). The statute bars state-law claims for loss or damage to property shipped in interstate commerce. Applying this rule, the Fifth Circuit has held that the following state-law claims are preempted:

> 1) the tort of outrage, 2) intentional and negligent infliction of emotional distress, 3) breach of contract, 4) breach of implied warranty, 5) breach of express warranty, 6) violation of the Texas Deceptive Trade Practices Act sections 17.46 and 17.50, 7) slander, 8) misrepresentation, 9) fraud, 10) negligence and gross negligence, and 11) violation of the common carrier's statutory duties as a common carrier under state law.

*Id.* at 777 (citing *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306 (5th Cir. 1993)).

Although the Khalils have withdrawn their state-law claims and claims for exemplary and statutory treble damages against Mayflower, (Docket Entry No. 8 at 3), they argue that their state-law claims against Suddath are viable because the Carmack Amendment protects only a carrier or its agents, and Suddath was not disclosed as an agent until after the bill of lading to ship the furniture and goods was executed. (Docket Entry No. 9 at 3–4). The Khalils do not cite any cases in support of their argument.

Mayflower was a disclosed principal on the April 11, 2017 bill of lading, and Suddath was disclosed as Mayflower's agent on May 2, 2017. (Docket Entry Nos. 5-1, 5-2; *see* Docket Entry No. 9 at 4). The Khalils allege that both Mayflower and Suddath transported and stored their goods. (Docket Entry No. 8 at 1). The Khalils argue that the failure to disclose Saddath on the

2

bill of lading means that it "is not protected by the Carmack Amendment's limitations of liability or preemption of claims," but the law undermines their argument. (Docket Entry No. 9 at 4). The Carmack Amendment provides that "[e]ach motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services." 49 U.S.C. § 13907(a). Although the parties dispute whether Saddath was disclosed as an agent in the bill of lading, cases considering whether the Carmack Amendment protects agents have focused only on whether the principal, not the agent, was disclosed. *See, e.g.*, *Marks v. Suddath Relocation Sys., Inc.*, 319 F. Supp. 2d 746, 751–52 (S.D. Tex. 2004); *Fox v. Kachina Moving & Storage*, No. 3:98-CV-0842-AH, 1998 WL 760268, at *1 (N.D. Tex. Oct. 21, 1998) (an agent of a disclosed principal was not a proper defendant under the Carmack Amendment). Because the law makes Mayflower "responsible for all acts or omissions of any of its agents," and the Khalils allege that Suddath was Mayflower's agent in transporting and storing the goods across state lines, Suddath is not a proper defendant under the Carmack Amendment.

The Khalil's state-law contract, negligence and gross negligence, misrepresentation fraud, and Texas Deceptive Trade Practices Act claims, as well as their state-law claim for attorney's fees, are dismissed with prejudice because they are preempted by the Carmack Amendment. The preempted claims include the state-law claims against Suddath.

Mayflower cites the Fifth Circuit's decision in *Accura Systems, Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874 (5th Cir. 1996), to argue that the Carmack Amendment bars recovery of attorney's fees. (Docket Entry No. 4 at 14). The Carmack Amendment authorizes attorney's fees in limited circumstances and preempts state-law attorney's fees claims. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 383 n.4 (5th Cir. 1998); *Accura Sys.*, 98 F.3d at 876.

The Khalils respond that they are entitled to attorney's fees under 49 U.S.C. § 14708. (Docket Entry No. 8 at 4). The Khalils did not allege § 14708 as a basis for attorney's fees. Instead, they alleged that they were "obligated to employ counsel" and must "pay such attorney's reasonable fees for the services necessarily rendered on their behalf." (Docket Entry No. 1-3 at ¶ 29). The Khalils have not pleaded facts that could show that this case meets the statutory requirements for attorney's fees available under that section, such as whether they submitted a claim to Mayflower "within 120 days after the date the shipment [was] delivered or the date the delivery [was] scheduled." 49 U.S.C. § 14708(d)(1). Although the Khalils argue that they "timely submitted their claim to the carrier, and they were not advised that a dispute settlement program was available," these allegations do not appear in their complaint. (Docket Entry No. 8 at 4). The attorney's fees claim is dismissed, without prejudice and with leave to amend.

Suddath's motion to dismiss, (Docket Entry No. 5), is granted, with prejudice because amendment would be futile. Mayflower's motion to dismiss, (Docket Entry No. 4), is granted in part and denied in part. The Carmack Amendment claim may proceed against Mayflower, but the attorney's fees claim is dismissed, without prejudice and with leave to amend, no later than **June 28, 2019**. The initial pretrial and scheduling conference is reset to **August 16, 2019, at 2:00 p.m**.

SIGNED on June 4, 2019, at Houston, Texas.

                                                        Lee H. Rosenthal
                                                        Chief United States District Judge

4